2001 OK CIV APP 63

**BOYLE SERVICES, INC.,**
Plaintiff/Appellant,

v.

**DEWBERRY DESIGN GROUP, INC., Flynt & Kallenberger, Inc., and Harold Kallenberger, Defendants/Appellees.**

**Tulsa Community College, Hambrick–Ferguson, Inc., J.N. Hambrick, Donohue Mechanical Company, and Cleaver–Brooks of Canada, Ltd., Defendants.**

No. 95288.

Court of Civil Appeals of Oklahoma, Division No. 3.

Feb. 16, 2001.

Certiorari Denied April 24, 2001.

Lawrence D. Taylor, Tulsa, OK, for Plaintiff/Appellant.

Paula J. Quillin, Feldman Franden Woodard & Farris, Tulsa, OK, for Defendant/Appellee, Dewberry Design Group, Inc.

Harry M. Crowe, Jr., Tulsa, OK, for Defendants/Appellees, Flynt & Kallenberger, Inc. and Harold Kallenberger.

HANSEN, Chief Judge:

¶ 1 Plaintiff/Appellant Boyle Services, Inc. (Boyle Services) seeks review of the trial court's order granting the motions for summary judgment of Defendants/Appellees, Flynt & Kallenberger, Inc., Harold Kallenberger (collectively Kallenberger), and Dewberry Design Group, Inc. (Dewberry). We affirm because no genuine issue of material fact exists and Dewberry and Kallenberger are entitled to judgment as a matter of law.

¶ 2 Boyle Services, an unsuccessful bidder for a public contract to replace the boilers at Tulsa Community College (TCC), sued Dewberry, the project architect, and Kallenberger, the project engineer, "for negligence, negligence per se, and fraud, misrepresentation and deceit," alleging they misrepresented the specifications for the boilers to Boyle Services, leading Boyle Services to believe 150 psi boilers were required. Boyle Services alleges the winning bidder installed only15 psi boilers, and had it known 15 psi boilers were acceptable, Boyle Services's bid would have been less than the winning bid and it would have received the contract.

¶ 3 Kallenberger moved for summary judgment, arguing Boyle Services cannot prevail on its stated claims for negligence and fraud

because Kallenberger owed no duty to Boyle Services and Boyle Services's alleged damages were speculative. Dewberry moved to dismiss and in the alternative for summary judgment. It argued the sole remedy for violations of the Oklahoma Competitive Bidding Act, 61 O.S.1991 § 101 et seq., is a suit to enjoin performance of a public contract brought within ten days of its execution as authorized by 61 O.S.1991 § 122. Boyle Services filed such a suit but lost on the merits. Dewberry argued the Public Competitive Bidding Act did not grant Boyle Services a right to the TCC contract even if Boyle Services had been the low bidder, and therefore Boyle Services failed to state a claim upon which relief may be granted. Dewberry also argued Boyle Services did not allege Dewberry made any false representation upon which a fraud claim could be based.

¶ 4 In its response to the motions for summary judgment, Boyle Services recast its claim as one for intentional interference with a prospective business advantage. It argued (1) it had the opportunity to be the successful bidder on the contract, (2) Dewberry and Kallenberger maliciously destroyed its opportunity by continuously misrepresenting the pressure rating required for the boilers, causing Boyle Services to overbid by $11,500.00 and lose the contract, and (3) it suffered severe economic damage as a result. The trial court granted both motions for summary judgment. Boyle Services appeals without appellate briefs in conformance with the procedures for the appellate accelerated docket, Okla. Sup.Ct. R. 1 .36, 12 O.S.Supp. 1996, Ch. 15, App. 1.

■■■ ¶ 5 Because a grant of summary judgment involves purely legal determinations, we will review the trial court's decision under a *de novo* standard. *Carmichael v. Beller,* 1996 OK 48, 914 P.2d 1051, 1053. Summary judgment is appropriate only when there is no substantial controversy as to any material fact and one of the parties is entitled to judgment as a matter of law. 12 O.S.Supp.1993, Ch. 2, App., Rule 13. All inferences must be viewed in the light most favorable to the party opposing the motion. *Northrip v. Montgomery Ward & Co.,* 1974 OK 142, 529 P.2d 489, 497. "A fact is 'material' if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Hadnot v. Shaw,* 1992 OK 21, 826 P.2d 978, 984–985.

■■■ ¶ 6 The essential elements of a claim for intentional interference with prospective economic advantage are "the existence of a valid business relation or expectancy, knowledge of the relationship or expectancy on the part of the interferer, an intentional interference inducing or causing a breach or termination of the relationship or expectancy, and resultant damage to the party whose relationship has been disrupted." *Lakeshore Community Hosp. v. Perry,* 212 Mich.App. 396, 401, 538 N.W.2d 24, 27 (1995), cited with approval in *Gaylord Entertainment Co. v. Thompson,* 1998 OK 30, 958 P.2d 128, 150 n. 96. Interference includes inducing a third person not to enter into the prospective relation or preventing the other party from acquiring the prospective relation. *Brock v. Thompson,* 1997 OK 127, 948 P.2d 279, 293 n. 58. The interference must encompass an unfair or unlawful act or by lawful means without justification. *Gaylord,* 958 P.2d at 150 n. 97. The interference is intentional if the interferer acted with the purpose to interfere with the relationship or expectancy. *Robert's Hawaii School Bus, Inc. v. Laupahoehoe,* 91 Hawai'i 224, 258, 982 P.2d 853, 888 (1999).

■■■ ¶ 7 In its evidentiary materials opposing the motions for summary judgment, Boyle Services submitted the affidavit of its general manager, Michael Boyle. Boyle stated he received the bid package from Dewberry on May 25, 1998. He said the specifications called for "two A.S.M.E.Code Section I 150 psi maximum working pressure boilers." The exhibits attached to his affidavit show the bid package specified a "Cleaver–Brooks Model CB–150 LE" boiler, but stated, "Kewanee and appropriate Cleaver–Brooks model will be allowed as an [sic] deduct alternate bid." The "Boiler Schedule" shows the Cleaver–Brooks CB–150 LE boiler with steam pressure "rating" of 150 psi and steam pressure "operating" of 15 psi.

¶ 8 Boyle stated he called Dewberry with questions about the project, and Dewberry referred him to Kallenberger. He said he called Jim Mitchell of Kallenberger and set up a meeting "to get the Superior brand boiler admitted into the specifications." Boyle stated he asked Mitchell "why they had specified high pressure boilers when the project was replacing low pressure boilers." He said Mitchell responded, "we always specify Section I boilers in schools for safety purposes."

¶ 9 Boyle stated that on June 8, 1998, he submitted a bid to supply two 150 psi high pressure boilers for $233,385.00. He stated that 30 minutes before the bid deadline, he received a bid from Cleaver–Brooks for two 15 psi low pressure boilers. He said he adjusted the price to meet the specifications and submitted the bid a few minutes before the close of bidding. Boyle stated his bid would have been $11,500.00 less had he bid the project based on 15 psi boilers.

¶ 10 TCC accepted a bid by Donohue Mechanical, Inc. (Donohue) for $233,000.00. Boyle stated Donohue bid the project based on 15 psi boilers and installed two A.S.M.E. Section IV 15 psi boilers. When Boyle complained to TCC, he received a letter from the college's attorney, stating,

> From my meeting with the engineers, the following are their responses to your issues.
>
> 1. That the 120 psi reference in the specifications and the drawings were an oversight when in fact 15 psi boilers were intended to this project all the time. Pursuant to the attached proposal I requested and received from Cleaver–Brooks, it appears that all contractors on this project were provided with a bid from Cleaver–Brooks for a 15 PSI boiler per the attached proposal. It would thus appear that all bidders for this project understood during the bidding process that 15 PSI boilers would be installed and not the 120 to 150 PSI boilers.

¶ 11 Boyle Services has offered evidence a Kallenberger employee made a misrepresentation that resulted in interference with Boyle Services' expectation it would receive the contract if it was the lowest responsible bidder. However, it has offered no evidence tending to show the employee acted with the purpose to interfere. Therefore, no genuine issue of material fact exists and Kallenberger and Dewberry are entitled to judgment as a matter of law. The judgment of the trial court is AFFIRMED.

¶ 12 BUETTNER, P.J., concurs; GARRETT, J., concurring in result.

BUETTNER, P.J., concurs; GARRETT, J., concurring in result:

¶ 1 I concur in result because I object to paragraph 11.